1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EUGENE CHAVARRIA,                    )    1:09-cv-00807-OWW-SMS-PC
                                          )
12          Plaintiff,                    )    FINDINGS AND RECOMMENDATIONS TO
                                          )    DISMISS CASE FOR FAILURE TO OBEY A
13        vs.                             )    COURT ORDER
                                          )    (Doc. 4.)
14   LYDIA HENSE,                         )
                                          )    OBJECTIONS, IF ANY, DUE IN THIRTY
15          Defendant.                    )    DAYS
                                          )
16

17        On May 14, 2009, the court issued an order requiring plaintiff to submit an application to proceed

18   in forma pauperis, or in the alternative, to  pay the filing fee for this action, within forty-five days. (Doc.

19   4.) More than sixty days have passed, and plaintiff has not paid the filing fee, submitted an application,

20   or otherwise responded to the court's order.

21        In determining whether to dismiss this action for failure to comply with the directives set forth

22   in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious

23   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

24   defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring

25   disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing

26   Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

27   ///

28                                          1

1    "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.

2    (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has

3    been pending for more than two months.  Plaintiff's failure to respond to the Court's order may reflect

4    Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend

5    its scarce resources assisting a litigant who will not help himself by either submitting an application or

6    paying the filing fee for this action.  Thus, both the first and second factors weigh in favor of dismissal.

7           Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of

8    itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk

9    that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to pay

10   the filing fee or submit an application to proceed in forma pauperis in the first instance and to respond

11   to the Court's order in the second instance that is causing delay.  Therefore, the third factor weighs in

12   favor of dismissal.

13          As for the availability of lesser sanctions, at this stage in the proceedings there is little available

14   to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further

15   unnecessary expenditure of its scarce resources.  Plaintiff has been recently paroled from prison and has

16   not paid the filing fee for this action, making it likely that monetary sanctions of little use, and given the

17   early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However,

18   inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short

19   of issuing the harshest possible sanction of dismissal with prejudice.

20          Finally, because public policy favors disposition on the merits, this factor will always weigh

21   against dismissal.  Id. at 643.

22          Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on

23   plaintiff's failure to obey the court's order of May 14, 2009.

24          These findings and recommendations are submitted to the United States District Judge assigned

25   to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being

26   served with these findings and recommendations, plaintiff may file written objections with the court.

27   Such a document should be captioned "Objections to Magistrate Judge's Findings and

28
                                                      2

1  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

2  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  **Dated:    July 27, 2009**                                                    **/s/ Sandra M. Snyder**
                                                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                 3